IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROLYN MILTON, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION H-05-3698 |
| § | |
| JAMES NICHOLSON, Secretary of the § | |
| DEPARTMENT OF VETERANS AFFAIRS, § | |
| Defendant. § | |

## AGREED PRIVACY PROTECTIVE ORDER

The Plaintiff seeks to discover information and documents in this case which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a. In order to permit the Plaintiff to discover all information relevant to the subject matter of this case without making this information public and thus undermining the purpose of the Privacy Act, the parties hereby enter into an Agreed Privacy Protective Order, pursuant to 5 U.S.C. § 552(a)(11), that whenever counsel for the Secretary of the Department of Veterans Affairs ("Agency") believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed, information arguably within the scope of the provisions of the Privacy Act:

1. Counsel for the Agency will designate the information as subject to this Order by letter to counsel for the Plaintiff; and

2. The right of access to and disclosure of all materials designated as subject to this Order, pursuant to item 1 above, shall be limited to the parties, counsel for the parties, support staff in their employ, expert witnesses, and other persons mutually agreed upon in writing by counsel for both parties; and

1

3. Plaintiff, or Counsel for the Plaintiff, shall not disclose materials designated as subject to this Order, pursuant to item 1 above, to any unauthorized person without further written order of the District Court, the express written consent of the Agency or written stipulation by the parties; and

4. All disclosed materials designated as subject to this Order, pursuant to item 1 above, filed with the District Court, the Agency, Plaintiff or his representative, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the title of the action, a brief description of the contents of each sealed envelope or other sealed container, the words "under seal" and the following statement:

> "This envelope [or container], contains confidential documents which are filed in the above-captioned case by Carolyn Milton, and is not to be opened except by Plaintiff (*pro se*), Plaintiff's attorney, if applicable, or the Defendant's attorneys.
>
> UNAUTHORIZED DISSEMINATION OF THESE DOCUMENTS OR THE INFORMATION CONTAINED IN THEM, MAY VIOLATE THE PRIVACY ACT OF 1974, 5 U.S.C. § 552a";

and,

5. No person to whom a record covered by this Order is disclosed by Plaintiff shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiff nor any individual to whom disclosure is made shall disclose a record covered under this Order or any information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

6. In addition, the Plaintiff (*pro se*), or counsel for the Plaintiff, if applicable, hereby expressly agrees that all documents designated as subject to this Order, as well as every copy of said documents (except copies of documents accepted into evidence) secured from the Defendant or its

agents and protected by the terms of this Order shall, upon conclusion of this action (including appeals), within a reasonable period either be returned to Defendant or destroyed by Plaintiff.

7. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction; nor does the Order constitute a waiver by Defendant of his right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this Order, neither party waives any of its positions respecting either the facts or the law applicable to this litigation.

THIS ORDER IS WITHOUT PREJUDICE TO THE RIGHTS OF ANY PARTY TO MAKE ANY OBJECTION TO DISCOVERY PERMITTED BY THE FEDERAL RULES OF CIVIL PROCEDURE OR ANY STATUTE OR OTHER AUTHORITY, EXCEPT THE PRIVACY ACT OF 1974.

Approved by:

Dated: 4/3/06

Carolyn Milton
~~Pro Se Plaintiff~~

Dated: 4/5/06

Nancy Cross
Attorney for Defendant

SIGNED this 11th day of April, 2006.

UNITED STATES DISTRICT JUDGE