IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROLYN MILTON,           }<br>       *Plaintiff*         }<br>v.                         }<br>                           }<br>JAMES NICHOLSON, Secretary, Department }<br>of Veterans Affairs        }<br>       *Defendants*       } | CIVIL ACTION NO. H-05-3698 |

**MEMORANDUM OPINION AND ORDER**

I. Introduction

Plaintiff Carolyn Milton ("Milton") brings this failure-to-hire case complaining of discrimination by the Veteran's Administration ("VA"). Pending before the court is Defendant's motion for summary judgment (Doc. 17). For the following reasons, the court ORDERS that Defendant's motion is GRANTED.

II. Facts

Milton suffers from depression, and has received disability benefits for over fourteen years. Milton's benefits are authorized by the Federal Employees' Compensation Act (FECA), and administered by the Office of Workers' Compensation Programs ("OWCP"), a division of the Department of Labor. Before becoming disabled, Milton was employed by the Department of the Navy.

In 2003, Milton was referred for vocational rehabilitation. *See* letter to Daphney Johnson (Doc. 17, Ex. 1). The goal of vocational rehabilitation is the FECA beneficiary's return to the workforce.

Milton applied for a job as a program support clerk in the VA medical center in Houston, Texas. She was interviewed by the Chief Nurse of the Clinical Practice Office. Milton disclosed her disability and explained that she had been instructed by the Department of Labor to

find a job. *See* Complaint before Office of Resolution Management (Doc. 17, Ex. 5). Milton was offered the position, but the VA later withdrew its offer. The VA explained its decision in a March 2004 letter. The letter provides, in relevant part, as follows:

> While processing the pre-employment paperwork required of all new employees it was discovered that you are in receipt of workers compensation paid by DOL-OWCP, for an on-the-job injury you incurred as a Federal civilian employee working for the Department of the Navy. You were contacted and asked to provide documentation from the DOL-OWCP, that you are fully recovered from the on-the-job injury and the position offered was suitable full-time employment. In response to our request we received a letter from Ms. Dapheney Johnson, M.S., C.D.M.S., C.C.M. stating the Department of Labor feels the job offer is suitable employment and you are released to perform the job. Upon receipt of Ms. Johnson's letter, Mr. Willie Turner, the MEDVAMC OWCP Case Manager, contacted Ms. Jane McHam, manager, DOL-OWCP in Dallas, Texas. Ms. McHam informed Mr. Turner that Ms. Johnson is a contract rehabilitation counselor assigned to Ms. Milton but Ms. Johnson does not have authority to act for DOL-OWCP concerning employment determinations. Ms. McHam informed Mr. Turner that you continue to be under medical care and in receipt of workers' compensation and because of those circumstances she could not provide us with an employment suitability letter for you for the Program Support Clerk position. Based on this information, I had no choice except to withdraw the offer of employment.

(Doc. 17, Ex. 4).

After receiving the VA's letter, Milton wrote to the OWCP. On April 22, 2004, Milton received a response from Jane McHam ("McHam"), Supervisory Claims Examiner. McHam's letter relates that Willie Turner contacted her requesting medical documentation regarding Milton, that she advised him that the OWCP would not release those documents without Milton's permission, and, furthermore, that OWCP does not provide suitability determinations except where a beneficiary rejects an offer of employment. *Id.* The same day Milton received this letter, she filed her complaint of discrimination with the EEOC.

Milton's EEOC claim was dismissed for lack of jurisdiction on January 15, 2005. Specifically, the Administrative Judge found that Milton's complaint was a collateral attack on OWCP procedures and outside the jurisdiction of the EEOC. *See* Order of Dismissal (Doc. 17, Ex. 6). Milton then filed the instant suit.

III. Law

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

The Rehabilitation Act, 29 U.S.C. § 794(d), incorporates the standards used in cases brought under the Americans with Disabilities Act, 42 U.S.C. 12102, et seq., which are subject to the now familiar *McDonnell Douglas* burden shifting framework. *See McInnis v. Alamo Community College District*, 207 F.3d 276, 279 (5th Cir. 2000); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973). Under the *McDonnell Douglas* framework, the plaintiff has the initial burden of establishing a prima facie case. *Id.* The burden of production then shifts to the defendant, who must articulate a legitimate non-discriminatory reason for the challenged employment action. *Id.* If the defendant succeeds, then the burden of proof shifts to

the plaintiff to produce evidence showing that the defendant's reason is a pretext for discrimination. *Id.*  A *prima facie* case under the Rehabilitation Act is evidence that a plaintiff: 1) was disabled or regarded as disabled; 2) was qualified for the job; 3) was subject to an adverse employment action on account of her disability; and (4) was replaced by or treated less favorably than non-disabled employees. *Gowesky v. Singing River Hospital Systems*, 321 F.3d 503 (5th Cir. 2003).

IV. Application of Law to the Facts.

For the purposes of this order, the court assumes that, if called upon, Milton could establish a prima facie case of discrimination.  Defendant has articulated a legitimate reason for its employment action.  Therefore, the burden is on Milton to show that the VA's reason was a pretext for discrimination.

Milton has not shown she can sustain her ultimate burden of showing that the VA refused to give her a job because of her disability.  Her evidence is limited to evidence that the VA's articulated legitimate reason was incorrect; that is, that Milton was eligible for employment without a suitability determination from the OWCP.  The law, however, imposes a heavier burden. Milton must provide sufficient evidence for a jury to conclude that the VA was actually motivated by discrimination when it withdrew its job offer. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-147 (U.S. 2000) ("The ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered  reason . . . is correct.'") (*quoting St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 524 (1993)). Milton has not met this burden.

None of Milton's arguments have merit.   Milton's first argument, that disability discrimination is the most likely reason for the VA's decision, puts the cart before the horse.  It assumes that because Milton is disabled it is likely she will be discriminated against.  Such an argument risks shifting the burden of proof to the defendant to disprove discrimination, something

5

the court will not do. Milton's second argument, that her mental disability is the but-for cause of the VA's decision, is no stronger than her first. Indeed, Milton's disability is the but-for cause of the VA's decision. Were it not for Milton's disability and continuing receipt of disability benefits, the VA would not have approached the OWCP. This, however, is not what the Rehabilitation Act was meant to deter. Failure to follow administrative regulations is a legitimate reason for making an adverse employment decision. The fact that the regulations in this case relate to disability benefits is mere coincidence. What the law is concerned with is whether the defendant's decision was based "solely" on the plaintiff's disability. 29 U.S.C. § 794(a).

V. Conclusion

For the aforementioned reasons, the court ORDERS that Defendant's motion for summary judgment (Doc. 17) is GRANTED. Final judgment will issue by separate order.

SIGNED at Houston, Texas this 5th day of January 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE